[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Metropolitan Property Casualty Insurance Co., as subrogee of Mary DeFalco, brings this action to recover benefits paid to DeFalco, pursuant to an insurance policy for injuries sustained by DeFalco as a result of the defendants' negligence. Named as defendants are Ogden Allied Maintenance Corporation (Ogden), Mark Volpe, Carol Huff, and Transportation General, Inc., d/b/a Metro Taxi (Metro).
In a revised complaint filed on October 17, 1995, the plaintiff alleges that on November 4, 1993, DeFalco was a passenger in a taxi cab owned by Metro and operated by its employee, Huff. The plaintiff alleges that DeFalco sustained injuries when the taxi collided with a vehicle owned by Ogden and operated by its employee, Volpe. The plaintiff further alleges that as a result of the defendants' negligence DeFalco incurred medical expenses in the amount of $5,000.00, and that it paid her expenses and is now subrogated to all of DeFalco's rights.
On November 13, 1995, Ogden and Volpe ("defendants") filed a motion to strike (#104) the revised complaint on the ground that CT Page 721 the plaintiff's claim for subrogation for collateral source benefits provided to its subrogor is barred by General Statutes §52-225c. On November 21, 1995, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). In ruling on a motion to strike, the court must "construe the facts alleged in the complaint in the light most favorable to the pleader. If facts provable under the allegations would support a . . . cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
The defendants argue that the plaintiff's subrogation claim for collateral source benefits provided to its insured is barred by General Statutes § 52-225c. In response the plaintiff relying on that portion of § 52-225c which reads "unless otherwise provided by law," argues that General Statutes § 38a-369 (c) provides an insurer with a right of subrogation for recovery of basic reparation benefits when the insured was injured by the operator of a commercial vehicle.
General Statutes § 52-225c provides that "[u]nless otherwise provided by law, no insurer or any other person providing collateral source benefits as defined in section 52-225b shall be entitled to recover the amount of any such benefits from the defendant or any other person or entity as a result of any claims or action for damages for personal injury. . . . The provisions of this section shall apply to insurance contracts issued, reissued or renewed on or after October 1, 1986."[1] Thus, pursuant to § 52-225c, there is no right to recover collateral source benefits "unless otherwise provided by law" (i.e., unless another statutes provides an insurer with such a right).
The statute relied on by the plaintiff, § 38a-369 provides in pertinent part: "Subrogation. (a) Except as provided in this section, an insurer does not have, and may not directly or indirectly contract for, any right of subrogation to the proceeds of any cause of action of a recipient of basic reparations benefits. . . . (c) Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization [who is not the owner or operator of a CT Page 722 private passenger motor vehicle as defined in § 38a-369 (b)], an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments."
The court notes that § 38a-369, which was part of the laws pertaining to no-fault motor vehicle insurance, was repealed as of January 1, 1994. "The passage or repeal of an act shall not affect any action then pending. General Statutes § 1-1." New Haven v.Public Utilities Commission, 165 Conn. 687, 726, 345 A.2d 563
(1974). In the present case, no action for subrogation was pending prior to the January 1, 1994 repeal of § 38a-369, as the plaintiff commenced the present action on August 9, 1995. The plaintiff nevertheless contends that it has a right to seek subrogation because the accident occurred on November 4, 1993, when § 38a-369 (c) was still in effect. Thus, the plaintiff contends that its statutory right to subrogation under § 38a-369 (c) is preserved by the language in § 52-225c which provides that a right to seek subrogation exists where such right is "otherwise provided by law."
"The subrogation right provided by [§ 38a-369] arises afterthe Payment of basic reparations benefits by the insurer to its insured but before the insured has recovered from a tortfeasor and before the insured has exerted his right to recover. (Emphasis added.) Amica Mutual Insurance Co. v. Barton, 1 Conn. App. 569,572, 474 A.2d 104 (1984).[2] In the present case, contrary to the plaintiff's argument, the cause of action for subrogation accrued when the plaintiff paid basic reparations benefits to its insured, and not when the insured sustained her personal injuries. Thus, while the insured was injured on November 4, 1993 (when § 38a 369(c) was in effect), the date that the plaintiff actually paid basic reparations benefits to its insured cannot be determined based on the allegations in the complaint. While it is possible that the plaintiff's subrogation cause of action may be barred because it arose after § 38a-369 (c) was repealed, such a determination cannot be made in the context of the present motion to strike, as this would require the court to consider facts outside of the pleadings.
Accordingly, the court denies the defendants' motion strike.